59 F.3d 175
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 William R. GARRETT, Plaintiff-Appellant,
v.
James GOMEZ, et al., Defendants-Appellees.
 No. 94-16658.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 15, 1995.
Decided June 20, 1995.
 
 Before: GOODWIN, FARRIS and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We affirm the summary judgment. We do not reach the question of whether denying Ritalin to Garrett would have been deliberate indifference. Garrett's evidence that his physician could not provide him with Ritalin was not enough to establish a jury question.
 
 
 3
 Taking the evidence most favorably to Garrett, as we must to determine whether there is a genuine issue, Dr. Baker prescribed Lithium for his attention deficit disorder instead of Ritalin, and Dr. Baker told Mr. Garrett that he would have liked to prescribe Ritalin. Dr. Gross, Garrett's expert witness, testified that Ritalin is an "effective treatment in perhaps 50% of adults," but it requires multiple administrations per day. Garrett has a history of drug abuse and alcoholism.
 
 
 4
 The evidence presented did show that Ritalin was not listed in the California Department of Corrections Pharmacy Formulary. This is a list of drugs which can be prescribed at the prison without special approval. Prescribers are allowed to dispense other medications, but the stated policy is to limit prescriptions to those in the Formulary "where possible." Approval of the Chief Medical Officer is needed for an unlisted medication:
 
 
 5
 Should a prescriber believe that a medication not listed is required for an individual inmate, the prescriber is to submit a "Non-Formulary Drug Request" ... justifying the choice, together with the prescription to the Chief Medical Officer.
 
 
 6
 A "medical technical assistant" at Pelican Bay testified that in his seven years of experience, he was unaware of Ritalin ever having been prescribed at the California Department of Corrections. He testified that it was "general knowledge that Ritalin cannot and should not be prescribed in CDC because of the nature of the drug itself," and had written that Ritalin "would never be prescribed."
 
 
 7
 The foundation requirement of Federal Rule of Civil Rule of Procedure 56(e) prevents this deposition testimony from establishing a genuine issue as to whether prescription of Ritalin was in fact prohibited. Schroeder v. McDonald, 41 F.3d 1272, 1277 (9th Cir. 1994). The written policy of the Formulary expressly allows for a prescription of an unlisted drug, which would include Ritalin, if recommended by the prisoner's physician and approved by the Chief Medical Officer. Dr. Gross, Garrett's expert witness, testified that Ritalin is a "last choice" medicine, "because it's short acting and has a potential for abuse." Garrett's case rests on the factual proposition that Dr. Baker thought he should have Ritalin but could not prescribe it for him. Yet Dr. Baker, when asked if he could have prescribed Ritalin for Garrett had he wanted to, answered "Yes." He had applied for and obtained approval of other drugs not in the Formulary, but had never prescribed Ritalin at Pelican Bay. Dr. Baker treated Garrett with lithium.
 
 
 8
 The district judge exercised his discretion to give Garrett's attorney an additional 90 days to come up with evidence of a policy preventing the use of Ritalin, and gave him an example of circumstantial evidence which would suffice for the judge to find a genuine issue of material fact. No evidence was produced. Garrett therefore had no case to put before a jury, so summary judgment was appropriate. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3